IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TROVER GROUP, INC., and<br>THE SECURITY CENTER, INC.,<br><br>    *Plaintiffs,*<br><br>v.<br><br>VICON INDUSTRIES, INC.,<br><br>    *Defendant.* | § § § § § § § § § § § | CIVIL ACTION NO. 2:14-cv-872<br>JURY DEMAND |

## PLAINTIFFS' ORIGINAL COMPLAINT

1.      Plaintiffs, Trover Group, Inc. and The Security Center, Inc., (collectively "Plaintiffs" or "Security Center") file this, their Original Complaint for patent infringement. Plaintiffs assert claims for patent infringement of U.S. Patent No. 5,751,346 ("the '346 Patent"), a copy of which is attached hereto as Exhibit "A" against Defendant Vicon Industries, Inc. under 35 U.S.C. § 271, *et seq*.  In support thereof, Plaintiffs Trover Group, Inc. and The Security Center, Inc. would respectfully show the Court the following:

### PARTIES

2.      Plaintiff Trover Group, Inc. ("Trover") is a Texas corporation with its principal place of business located at 101 East Park Blvd., Suite 600, Plano, Texas 75074.  Trover was formerly known as Dozier Financial Corporation.

3.      Plaintiff The Security Center, Inc. ("Security Center") is a Texas corporation with its principal place of business located at 10750 Forest Lane, Dallas, Texas 75243.  Plaintiffs Security Center and Trover are sister corporations.

4. Defendant Vicon Industries, Inc. ("Vicon") is a New York corporation and has its principal place of business located at 131 Heartland Blvd., Edgewood, New York 11717. Vicon does business in the State of Texas and in the Eastern District of Texas. Vicon does not maintain a registered agent for service of process in Texas or a regular place of business in Texas, and this lawsuit arises in part from its business in Texas. Vicon may be served through the Texas Secretary of State pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 17.044.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant Vicon. Vicon conducts business within the State of Texas and the Eastern District of Texas. Vicon, directly or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for sale, sells, installs, services and advertises its products in the United States, the State of Texas, and the Eastern District of Texas. Vicon has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Eastern District of Texas. Vicon has committed the tort of patent infringement within the State of Texas and this District.

7. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b) and 1400.

8. In 2006, Trover enforced the '346 Patent against two infringers, Diebold Corporation and Verint Systems, Inc. by bringing separate actions for patent infringement in the United States District Court for the Eastern District of Texas, Marshall Division in Case Nos. 2:06-

cv-445-TJW-CE and 2:06-cv-532-TJW-CE. The Court held a claim construction hearing and issued a claim construction order in the Diebold case.  In 2013, Trover and Security filed Case No. 2:13-cv-52 asserting the '346 Patent against 3VR Security, Inc., March Networks, Inc. and Tyco Integrated Security, Inc.,  Sensormatic, Inc. and ADT, LLC (collectively "Tyco") (the "Tyco Case").  The Court held a claim construction hearing in the Tyco Case and issued a claim construction order in that case on July 28, 2014 [Dkt. 156].  Trover and Security Center also recently filed the following cases in the United States District Court for the Eastern District of Texas, Marshall Division, in order to enforce the '346 Patent:

- *Trover Group, Inc., et al. v. i3 International Inc.* (Case 2:13-cv-01046);
- *Trover Group, Inc., et al. v. Dedicated Micros USA* (2:13-cv-01047);
- *Trover Group, Inc., et al. v. Axis Communications, Inc.* (2:13-cv-1125);
- *Trover Group, Inc., et al v. HIK Vision USA, Inc.* (2:13-cv-1123).

These four cases have been consolidated for pretrial purposes.

**PATENT INFRINGEMENT**

9. On May 12, 1998, the United States Patent and Trademark Office ("PTO") issued the '346 Patent, entitled "Image Retention and Information Security System" after a full and fair examination. The patent relates generally to video monitoring systems, and in particular to such systems that compare images to determine if changes in the images have occurred prior to storing those images for later retrieval.

10. The '346 Patent contains five independent and two dependent claims.

11. The '346 Patent was originally assigned to Dozier Financial Corporation, a company owned and controlled by Charles Dozier, one of the named inventors of the patent, and his family.  Dozier Financial Corporation later changed its name to Trover Group, Inc.  Plaintiff

Trover is the assignee of all rights, title and interest in and to the '346 Patent and possesses all rights of recovery under the '346 Patent.  Plaintiff Security Center is also a business owned and controlled by Dozier and his family that has been granted an exclusive license of the '346 Patent from Trover.  Security Center manufactures and sells the IRIS line of digital video systems and the EyzOn camera, which are commercial embodiments of the '346 Patent.   As the exclusive licensee of the '346 Patent, Security Center has the right to enforce the patent and to recover all damages available under law.  Security Center also has the right to seek injunctive relief with respect to the '346 Patent.

## Infringement of the '346 Patent

12. Vicon manufactures and sells to customers within the United States numerous digital cameras and digital video recorders that infringe the '346 Patent, including but not limited to the following (collectively "Accused Products"):

    V-Cell/V-Cell-IP Camera
    V905-CUBE HD Camera
    V920D Series Cameras
    V960-N Series Cameras
    V9360 Series Cameras
    CE102B-NIR Series Cameras
    CE102D-NIR Series Cameras
    CE202D-N Series Cameras
    CE202D-WN Series Cameras
    HDExpress Series of NVR/DVR Recorders

13. The Accused Products offer image streams in a choice of compression formats and compare two digitized images to determine if there has been a change in the pixels of the images that exceed a preset threshold.  If such a change is detected to have occurred, then the second image is saved.  Later the saved images can be retrieved for examination.

14. The Accused Products infringe the '346 Patent and compete with the IRIS and EyzOn line of products made and sold by the Security Center.

**Vicon Has Knowledge of the '346 Patent**

15.     The Security Center has consistently marked its IRIS and EyzOn products with the patent number for the '346 Patent since it was first issued.

16.     The Security Center also has publicly displayed its IRIS and EyzOn products at various industry trade shows.  The Security Center displayed its IRIS products at the 2010 ASIS convention in Dallas, Texas.  In 2013, The Security Center displayed its IRIS and EyzOn products at the ISC West trade show and convention held in Las Vegas, Nevada on April 10-12, 2013.  Vicon was also an exhibitor at both of these trade shows.  Upon information and belief, employees or representatives from Vicon visited the Security Center's booths at each of these trade shows and would have seen the IRIS and EyzOn products, and a copy of the '346 Patent that was also on display.

17.     The '346 Patent has been cited as prior art with respect to 68 patent applications.

18.     Vicon has had actual knowledge of the '346 Patent since at least the date on which it was served with a copy of this Complaint.

**COUNT ONE:  PATENT INFRINGEMENT OF THE '346 PATENT**

19.     Trover and the Security Center reallege the previous paragraphs herein.

20.     Vicon has infringed and continues to infringe the '346 Patent by making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, systems, products and devices, including, but not limited to the Accused Products, and/or by undertaking processes and methods embodying the patented inventions without authority.

21.     By using, testing and demonstrating these products, Vicon directly infringes one or more of Claims 1, 4, 5, 6 and 7 of the '346 Patent, either literally or through the doctrine of equivalents.  In addition, Vicon is actively, intentionally, and/or knowingly inducing or

contributing to the infringement of one or more of Claims 1, 4, 5, 6 and 7 of the '346 Patent by others, either literally or through the doctrine of equivalents.

22. The Accused Products have no substantial uses that do not infringe the '346 Patent.

23. Unless enjoined by this Court, Vicon will continue to infringe the '346 Patent through its sales of these products.

## MISCELLANEOUS

24. The Plaintiffs have satisfied all conditions precedent to filing this action, or any such conditions that have not been satisfied have been waived.

25. Through this pleading, the Plaintiffs have not elected any one remedy to which they may be entitled, separately or collectively, over any other remedy.

## RELIEF

Plaintiffs Trover Group and Security Center respectfully request the following relief:

A. That the Court issue a preliminary injunction against Vicon, enjoining it from making, using, selling, or offering for sale in the United States any products, and from undertaking any processes or methods embodying the patented inventions claimed in the '346 Patent during the pendency of this case;

B. That the Court issue a permanent injunction against Vicon from making, using, selling, or offering for sale in the United States any products, and from undertaking any processes or methods embodying the patented inventions or designs claimed in the '346 Patent;

C. That the Court award damages to Plaintiffs Trover Group and Security Center to which each is entitled;

D. That the Court declare this to be an "exceptional" case under 35 U.S.C. § 285;

E. That the Court award pre-judgment and post-judgment interest on such damages at the highest rates allowed by law;

F. That the Court award Plaintiffs Trover Group and Security Center their costs and attorneys' fees incurred in this action; and

G. That the Court award such other and further relief, at law or in equity, as the Court deems just and proper.

A JURY TRIAL IS DEMANDED BY PLAINTIFFS TROVER GROUP, INC. AND THE SECURITY CENTER, INC.

Respectfully submitted,

By: */s/ Steven N. Williams*
**Steven N. Williams**
swilliams@mcdolewilliams.com
Texas State Bar No. 21577625
**Kenneth P. Kula**
kkula@mcdolewilliams.com
Texas State Bar No. 24004749
**William Z. Duffy**
zduffy@mcdolewilliams.com
Texas State Bar No. 24059697

**McDOLE & WILLIAMS, PC**
1700 Pacific Avenue, Suite 1280
Dallas, Texas 75201
(214) 979-1122 - Telephone
(214) 979-1123 – Facsimile

**ATTORNEYS FOR PLAINTIFFS**